**CARUSO GLYNN, LLC**
Attorney for Plaintiff
*Lawrence C. Glynn*
36 Peck Slip
New York, New York 10038
(718) 570-3338
Attorney: Lawrence C. Glynn (LG-6431)
CG File No.:   88.071108.01

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

LAWRENCE C. GLYNN,                                Case No.:   11 Civ.  3237 (SAS)

                          Plaintiff,

        -against-                                        **AMENDED**
                                          **COMPLAINT**

CALPINE CORP.,

                          Defendant.
-------------------------------------------------------------x

       Plaintiff, Lawrence C. Glynn ("Glynn"), complaining of the Defendant alleges upon information and belief, as follows:

**Parties**

       1.     Plaintiff, Lawrence C. Glynn is a resident of the County of Queens in the City and State of New York.

       2.     Defendant, Calpine Corp. (hereinafter "Calpine"), is a corporation and/or other business entity existing under and pursuant to the laws of the State of Texas with an office and place of business at 717 Texas Avenue, Suite 1000, Houston, TX 77002.

**Jursidiction**

       3.     This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

4.      This is an action to recover plaintiff's reasonable attorney's fees in accordance with a prior order of this Court dated June 9, 2009.

5.      This Court also has jurisdiction pursuant to 28 U.S.C. §158(a)(1) as the instant dispute arises from an underlying decision of this Court in a matter which was on appeal from a decision of the Bankruptcy Court dated September 26, 2008 and order of that court dated September 30, 2008 granting defendant's motion for summary adjudication on and discharging claims numbered 6309, 6314, 6315, 6316, 6327 and 6328 [*In re Calpine Corp., et al.*, Case No. 05-B-60200(BRL)].

6.       This action is also filed under and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

### Background

7.      A detailed substantive and procedural history of the underlying bankruptcy action is set forth in the Decision and Order of this Court dated June 9, 2009 in *Robert Membreno as trustee of SAI Trust v. Calpine Corp., et al.*, 406 B.R. 463 (S.D.N.Y. 2009),  ("Decision and Order") which is annexed hereto as Exhibit A and is hereby incorporated by reference.

8.      In the Decision and Order, this Court ruled that "[b]ecause the Court has determined that Calpine breached the Agreement for Purchase such that SAI Trust should be granted summary judgment and Calpine should be denied summary adjudication on the issue of the use of the Allocated Expenses line item, SAI Trust is entitled to attorneys' fees and other costs with respect to the litigation of this issue." See Decision and Order at p 28.

9.      Following the Decision and Order, defendant improperly filed a Notice of Appeal to the Second Circuit Court of Appeals.

10.     Shortly thereafter, in or about September 2009, Plaintiff departed his prior firm to form a new firm, Caruso Glynn, LLC.

11.     At that time, Plaintiff entered into an agreement with SAI Trust to continue handling the matter against Calpine on a contingency fee basis of 22.5% of any amount recovered.

12.     As of December 3, 2009, Calpine was willing to settle the underlying matter for the amount of $850,000.00.

13.     However, Calpine was unwilling to pay reasonable attorney's fees to Lawrence C. Glynn, despite the determination by Judge Marrero that SAI was the prevailing party and that the contractual attorney's fees were to be awarded based upon Calpine's breach of the underlying agreement.

14.     Thereafter, in or about March 2010, upon information and belief, SAI and Calpine settled the matter.

15.     The amount of the settlement between SAI and Calpine was $835,000.00 in cash and stock. A copy of the settlement agreement between SAI and Calpine has been annexed hereto as Exhibit B and is incorporated by reference.

### First Cause of Action

16.     At all times relevant, Plaintiff was a third-party beneficiary of the contract entered into between SAI and Calpine.

17.     For his efforts in enforcing the terms of the Agreement between Calpine and SAI, and as SAI was undoubtedly the prevailing party, Plaintiff is therefore entitled to his reasonable attorney's fees of 22.5% of the settlement.

18.     The settlement consisted of the issuance of 48,863 shares in Calpine to SAI Trust valued at Calpine's closing share price on the date of execution of said agreement. [Exhibit B, §1(a)]

3

19.     The agreement is signed by both parties, but undated.

20.     The average share price for Calpine (stock symbol CPN) for the month of March 2010 was $11.53.

21.     The cash component of the settlement between Calpine and SAI was thus $835,000 less 48,863 shares x $11.53 ($563,390.39) or $271,609.61. [Exhibit B, §1(b)]

22.     Regardless of the share price was at the time of transfer of shares from Calpine to SAI, the total value of the settlement would not exceed $835,000.00 as of the settlement date.

23.     Accordingly, the settlement amount, valued as of March 2010 was $835,000.00.

24.     Plaintiff's reasonable attorney's fees, based upon this settlement amount, are $187,875.00.

25.     To date, Calpine has not paid these attorney's fees, despite the specific Order of this Court that it was contractually obligated to pay attorney's fees, leaving only the quantum of fees to be determined.

26.     Calpine has chosen in bad faith to ignore, violate and circumvent the terms of this Court's clear Decision.

27.     In light of the foregoing, Plaintiff has suffered damages in the amount of $187,875.00.

### Second Cause of Action

28.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "27" as though more fully set forth herein at length.

29.     The share price of Calpine as of May 24, 2011, is $15.45.

30.     Accordingly, the settlement amount, valued as of May 24, 2011, is the aforementioned cash component of $271,609.61 plus 48,863 shares valued at $15.45 ($754,933.35) for a total of $1,026,542.96.

31.     Plaintiff's reasonable attorney's fees, based upon this settlement amount, total $230,972.17.

4

32.     To date, Calpine has not paid these attorney's fees, despite the specific Order of this Court that it was contractually obligated to pay attorney's fees.

33.     Calpine has chosen in bad faith to ignore and violate the terms of this Court's clear Decision and Order.

34.     In light of the foregoing, Plaintiff has suffered damages in the amount of $230,972.17.

**Third Cause of Action**

35.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "34" as though more fully set forth herein at length.

36.     Defendant has acted in bad faith, vexatiously, wantonly or for oppressive reasons in refusing to abide by the Decision and Order of this Court and failing to pay reasonable attorneys' fees as prescribed therein.

37.     Defendant colluded with SAI Trust to form an agreement that would act to waive plaintiff's reasonable attorney's fees, despite that these fees were contractually awarded to the prevailing party and despite this Court's clear decision that SAI was the prevailing party.

38.     As a result, Plaintiff has been damaged in the amount of $230,972.17.

39.     Additionally, in light of the bad faith of Defendant aforesaid, Plaintiff shall be awarded reasonable attorney's fees associated with this action.

**Fourth Cause of Action**

40.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "39" as though more fully set forth herein at length.

41.     Cal. Civ. Code §1717(a) provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who

5

is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

42.    Cal. Civ. Code §1717(a) further provides that:

Attorney's fees provided for by this section shall not be subject to waiver by the parties to any contract which is entered into after the effective date of this section. Any provision in any such contract which provides for a waiver of attorney's fees is void.

43.    The parties to the underlying contract, SAI Trust and defendant Calpine, subsequent to the effective date of Cal. Civ. Code §1717(a), entered into a contract which purports to waive attorney's fees. Exhibit B.

44.    The subsequent contract between the parties aforesaid is therefore void.

45.    Pursuant to Cal. Civ. Code §1717(a), Plaintiff is entitled to reasonable attorney's fees.

46.    A review of the docket in the underlying action between Calpine and SAI (Case No. 05-60200 BRL) reveals that the matter has neither been voluntarily dismissed nor dismissed pursuant to a settlement of the case.

47.    The provisions of Cal. Civ. Code §1717(b)(2) do not apply since the underlying action was never voluntarily dismissed nor dismissed pursuant to a settlement.

48.    Plaintiff is entitled to receive attorney's fees in the amount of $230,972.17.

## Fifth Cause of Action

49.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "48" as though more fully set forth herein at length.

50.    Plaintiff is entitled to recover fees in *quantum meruit*.

51.    As a result, Plaintiff has been damaged in the amount of $230,972.17.

## Sixth Cause of Action

52.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "51" as though more fully set forth herein at length.

53.     Following the decision of Judge Marrero, beginning in August 2009, Calpine ceased charging SAI for "Allocated Expenses" in the monthly Net  Profit Interest ("NPI") statement. Exhibit A, p 7.

54.     From a period of April 2001, Calpine improperly included allocated expenses for its 18 other geothermal plants.

55.     Judge Marrero found that Calpine breached the agreement beginning in April 2001 when it unilaterally began charging Allocated Expenses. Exhibit A, pp 23-24.

56.     For each month from August 2009 and going forward until the expiration of the underlying agreement in 2017, plaintiff is entitled to reasonable attorney's fees in the amount of 22.5% for each and every month in which Allocated Expenses are not charged by Calpine to SAI.

57.     Plaintiff seeks attorney's fees in the amount of 22.5% of the amount of monthly Allocated Expenses for each month from August 2009 through April 2011 in which Calpine ceased charging Allocated Expenses.

58.     In addition, plaintiff requests declaratory relief awarding attorney's fees in the amount of 22.5% of the amount of monthly Allocated Expenses for each month that SAI is not charged Allocated Expenses from May 2011 through and until  May, 2017 when the underlying agreement expires.

## Seventh Cause of Action

59.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "58" as though more fully set forth herein at length.

60.     Defendant has acted in bad faith, vexatiously, wantonly or for oppressive reasons in refusing to abide by the Decision and Order of this Court and failing to pay reasonable attorneys' fees as prescribed therein.

61.     As a result, Plaintiff has been damaged in the amount of $230,972.17 plus interest from March 2010.

62.     Additionally, in light of the bad faith of Defendant aforesaid, Plaintiff shall be awarded reasonable attorney's fees associated with this action.

WHEREFORE, plaintiff requests:

(a)     That process in due form of law may issue against Defendant citing them to appear and answer all and singular the matters aforesaid;

(b)     That judgment may be entered in favor of Plaintiff and against Defendants on the First Cause of Action for the amount of $187,250.00;

(c)     That judgment may be entered in favor of Plaintiff and against Defendants on the Second, Third, Fourth and Fifth Causes of Action for the amount of $230,972.17;

(d)     That judgment may be entered in favor of Plaintiff and against Defendant on the Sixth Cause of Action awarding Plaintiff 22.5% of the amount of Allocated Expenses that were not charged by Defendant to SAI between August 2009 and April 2011, and a declaration that Plaintiff is entitled to attorney's fees in the amount of 22.5% of the amount of monthly Allocated Expenses for each month that SAI is not charged Allocated Expenses from May 2011 through and until May, 2017 when the underlying agreement expires;

(e)     That judgment may be entered in favor of Plaintiff against Defendants on the Seventh Cause of Action for attorneys' fees associated with this action in an amount to be determined at the conclusion of these proceedings, and

    (f)      That this Court will grant to Plaintiff such other and further relief as may be just and proper,

including an award of prejudgment interest and costs.

Dated:  New York, New York
        May 25, 2011


                Yours, etc.,

                **CARUSO GLYNN, LLC**
                Attorneys for Plaintiff
                *Lawrence C. Glynn*


            By:    */s/   Lawrence C. Glynn*
                Lawrence C. Glynn
                36 Peck Slip
                New York, New York 10038
                (718) 570-3338
                File No.:   88.071108.01